NITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JOHN STANDLEY,

                Plaintiff,                9:05-CV-1033
                                                      (GLS/GHL)

         v.

ROBERT DENNISON, TERRENCE X.
TRACY, VANESSA CLARKE,
MARIETTA GAILOR, SMITH Jr.,
VERNON MANLEY, PATRICIA TAPPAN,
DEBRA LOOMIS, ROSLYN BLOCK,
JOHN CAPACCI, EDWARD MEVEC
and LIVIO LAZZARI,

                Defendants.
_____

**APPEARANCES:**                    **OF COUNSEL:**

**FOR THE PLAINTIFF:**

JOHN STANDLEY
Plaintiff, *Pro Se*
84-B-1584
Great Meadow Correctional Facility
P.O. Box 51
Comstock, New York 12821

**FOR THE DEFENDANTS:**

HON. ANDREW M. CUOMO        CHRISTOPHER W. HALL
New York Attorney General         Assistant Attorney General
The Capitol
Albany, New York 12224

**Gary L. Sharpe**
**U.S. District Judge**

## MEMORANDUM-DECISION AND ORDER

After John Standley filed a § 1983 action alleging violations of his Fourteenth Amendment rights,[1] *see Dkt. No. 4; see also* 42 U.S.C. § 1983, his complaint was referred to Magistrate Judge George H. Lowe for report and recommendation. *See* 28 U.S.C. § 636(b)(1)(A), (B); N.D.N.Y. R. 72.3(c); Gen. Order No. 12, § D(1)(G). Subsequently, Judge Lowe issued a report recommending that Standley's motion for summary judgment be denied, and defendants' cross-motion for summary judgment be granted in its entirety. *See Report-Recommendation ("R&R"), Dkt. No. 45.*[2]

Broadly construing the complaint, Judge Lowe concluded the following: (1) Standley did not have a protected liberty interest in his parole proceedings, and therefore failed to establish a due process claim, and (2) Standley's equal protection claim fails to allege a protected class, and is therefore also deficient.

---

[1] Standley chiefly asserts that his due process were violated when the recommendation of the sentencing court was not considered during his parole hearing. *See Dkt No. 4.*

[2] The Clerk is directed to append Judge Lowe's Report-Recommendation to this decision, and familiarity is presumed. *See Dkt. No. 45.*

2

Standley has now filed timely objections to Judge Lowe's report. *See Dkt. No. 47.* Since he specifically objects to Judge Lowe's legal and factual findings, his objections will be reviewed *de novo*. *See Almonte v. N.Y. State Div. of Parole*, 9:04-CV-484, 2006 WL 149049, at *4 (N.D.N.Y. Jan. 18, 2006). Upon careful consideration of the arguments, the relevant parts of the record, and the applicable law, the court adopts the Report-Recommendation in its entirey.

Standley specifically objects to Judge Lowe's failure to consider the Supreme Court's holding in *Wilkinson v. Dotson* in determining his due process claim. *See Wilkinson v. Dotson,* 544 U.S. 74 (2005). He argues that *Wilkinson* permits prisoners to bring a § 1983 action to challenge the constitutionally of parole proceedings. The court will review this objection *de novo.*

While *Wilkinson* provides a viable § 1983 cause of action for prisoners seeking redress for state procedures, New York state prisoners have no constitutionally protected liberty interest in parole. *See Yourdon v. Johnson*, 01-CV-812E, 2006 WL 2811710, at *2 (W.D.N.Y. Sept. 28, 2006). The *Yourdon* court noted:

> [t]he plaintiffs in *Wilkinson* were state prisoners in Ohio seeking

3

>declaratory and injunctive relief claiming that Ohio's state parole procedures were unconstitutional. The Supreme Court's ruling therein was narrow in that it only allowed a state prisoner who challenges the constitutionality of the state parole procedures to bring a claim under 42 U.S.C. § 1983 for declaratory and injunctive relief 'where success in the action would not necessarily spell immediate or speedier release for the prisoner' and did not create or comment on any constitutional entitlements relating to parole. Clearly, Wilkinson did not address whether discretionary parole in New York imparts a constitutional liberty interest in an inmate within the New York State Corrections System thereby entitling him to due process under the United States Constitution.

*Yourdon*, 2006 WL 2811710, at *2 (citing *Wilkinson,* 544 U.S. at 8182).

Therefore, Standley's reliance on *Wilkinson* is misplaced. As Judge Lowe noted, Standley's complaint fails to state a due process claim because he has no liberty interest in parole and no constitutional due process rights in the parole process in New York.[3] Therefore, Standley's motion for summary judgment on this ground is denied, and defendants' motion on the basis of due process is granted.

Standley also objects to the use of internet citations throughout Judge Lowe's report since he does not have access to Lexis or Westlaw.

---

[3]Since Standley does not have a protected liberty interest, to state a claim for relief he must allege that defendants acted "arbitrarily or capriciously." *See Bottom v. Pataki*, 03-CV-835, 2006 WL 2265408, at *6 (N.D.N.Y. Aug. 7, 2006). Standley has not demonstrated that defendants acted either arbitrarily or capriciously, and therefore his due process claim must fail.

The court will review this objection *de novo*. The Supreme Court has recognized that access to the courts under the First Amendment entitles prisoners to adequate law libraries. However, this does not translate into an abstract, free-standing right to a law library or legal assistance. *See Bounds v. Smith*, 430 U.S. 817, 828 (1977); *see also Lewis v. Casey,* 518 U.S. 343, 351 (1996). Here, Standley does not argue that the Correctional Facility where he is housed does not have an adequate law library. Instead, he claims that does not have access to all the cases cited by Judge Lowe. Reviewing Judge Lowe's report, the cases cited for major tenets of law are reported in volumes presumably available to Standley. Therefore, to the extent that some peripheral cases were not available to him, Standley has not been unduly prejudiced. For the reasons stated, Standley's motion for summary judgment is denied, and defendants' cross-motion is granted. Accordingly, the court adopts Judge Lowe's report in its entirety.

    **WHEREFORE,** for the foregoing reasons, it is hereby

    **ORDERED** that Judge Lowe's March 30, 2007 Report-Recommendation (**Dkt. No. 45**) is accepted and adopted in its entirety; and it is further

**ORDERED** that Standley's motion for summary judgment (**Dkt. No. 24**) is **DENIED**; and it is further

**ORDERED** that defendants' cross-motion for summary judgment (**Dkt. No. 30**) is **GRANTED**, and the complaint (**Dkt. No. 4**) is **DISMISSED IN ITS ENTIRETY**; and it is further

**ORDERED** that the Clerk of the Court provide copies of this Order to the parties by mail.

August 21, 2007
Albany, New York

*Gary L. Sharpe*
Gary L. Sharpe
U.S. District Judge